UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMONA MILTON, | No. 2:14-cv-0074-KJN |
| Plaintiff, | |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

On January 13, 2014, plaintiff Ramona Milton, proceeding without counsel, commenced this action for judicial review of a final decision of the Commissioner of Social Security ("Commissioner"). (ECF No. 1.) On January 16, 2014, the court granted plaintiff's request to proceed in forma pauperis and directed service upon the Commissioner by the U.S. Marshal. (ECF No. 3.) The court also issued a scheduling order, which set various deadlines in the case. (ECF No. 4.) In particular, the scheduling order required plaintiff to file a motion for summary judgment and/or remand within 45 days from being served with a copy of the administrative record. (ECF No. 4 at 2.) The court also ordered the parties to complete and file the "Consent to Assignment or Request for Reassignment" form within 90 days, indicating whether the parties consent to the jurisdiction of a magistrate judge to conduct all proceedings and enter judgment in the case. (ECF No. 4-1.) The court's January 16, 2014 scheduling order expressly stated that failure to adhere to scheduling deadlines "may result in sanctions, including dismissal. L.R. 110.

1

1  Plaintiff has an affirmative duty to prosecute this action, and failure to do so may result in a
2  dismissal for lack of prosecution. Fed. R. Civ. P. 41(b). Requests to modify this order must be
3  made by written motion." (ECF No. 4 at 3-4.)
4     Subsequently, on May 12, 2014, the Commissioner filed an answer and lodged the
5  administrative transcript. (ECF Nos. 9, 10.) Copies of these filings were served on plaintiff via
6  mail at her address of record.[1] (ECF No. 10-10.) To date, the court's records show that plaintiff
7  has failed to file a motion for summary judgment and/or remand, and has failed to complete and
8  file the "Consent to Assignment or Request for Reassignment" form, in accordance with the
9  court's orders.[2]
10    Although plaintiff's case is subject to dismissal for failure to prosecute and failure to
11  follow the court's orders, the court finds it appropriate, particularly in light of plaintiff's pro se
12  status, to provide plaintiff with an opportunity to explain these failures and show cause why her
13  case should not be dismissed.
14    Accordingly, IT IS HEREBY ORDERED that:
15    1. Within 28 days of this order, plaintiff shall show cause in writing why this case should
16  not be dismissed for lack of prosecution and failure to comply with court orders.
17    2. Within 28 days of this order, plaintiff shall file a written statement indicating whether
18  or not plaintiff consents to the jurisdiction of a United States Magistrate Judge for all further

---

[1] On June 12, 2014, the Commissioner filed a notice of returned mail notifying plaintiff and the court that the Answer to Complaint, Notice of Lodging Social Security Administrative Transcript, and Administrative Transcript that were served on plaintiff at her address of record were returned to the Commissioner as undeliverable. (ECF No. 11.) However, it is plaintiff's duty to keep the court and the Commissioner informed of her current address, and service of the Commissioner's filings at the address on record was effective absent the filing of a notice of change of address. In relevant part, Local Rule 182(f) provides: "Each appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party. Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective."

[2] On July 23, 2014, the Commissioner filed a notice stating that she has not yet received plaintiff's motion for summary judgment and requesting that the court either order plaintiff to file her motion for summary judgment or dismiss this case for failure to prosecute. (ECF No. 12.) In light of plaintiff's pro se status, the court will provide plaintiff one final opportunity to file a motion for summary judgment in compliance with the terms of the present order.

proceedings, including the entry of a final judgment, pursuant to 28 U.S.C. § 636(c).

   3.  Within 28 days of this order, plaintiff shall file a motion for summary judgment and/or remand.

   4.  Failure to timely file any of these required writings will result in dismissal of the action without prejudice.  See Fed. R. Civ. P. 41(b); E.D. Cal. L.R. 110; see also Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that a court may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders).  If plaintiff does not wish to continue pursuing this case, plaintiff may alternatively seek the Commissioner's agreement to a stipulation for dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

   IT IS SO ORDERED.

Dated:  August 6, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE